THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, *v.* LEXINGTON SIXTY-FIRST ASSOCIATES, ARTHUR BRESCIANI, BENJAMIN J. DENIHAN, MANHATTAN EAST APT./HOTELS and 150 EAST TENANTS CORP., Respondents-Appellants, et al., Defendant.

First Department, December 5, 1974.

132

*Shirley Adelson Siegel* of counsel (*Samuel A. Hirshowitz* with her on the brief; *Louis J. Lefkowitz, Attorney-General*), for appellant-respondent.

*Edmund F. Wolk* of counsel (*Julius Mager* and *Robert I. Hodes* with him on the brief; *West & Wolk*, attorneys), for Lexington Sixty-First Associates and others, respondents-appellants.

*Michael Jaffe* of counsel (*Jaffe & Hochberg*, attorneys), for 150 East Tenants Corp., respondent-appellant.

*Per Curiam.* This is a proceeding under article 23–A of the General Business Law, initially for temporary injunction of the continued sale of co-operative apartment shares, then converted by interim order into an application for summary judgment. It is apparent from the submitted papers that, there being no real factual issue, this disposition, proceeding directly to a judgment of permanent injunction, was fully justified.

There seems to be no dispute that defendants-respondents-appellants owners and defendant-respondent-appellant co-operative corporation used illegal means to bring about acceptance of a co-op plan for the subject apartment building by a claimed 35% of the rent-stabilized tenants. Whether the means used — they need not be here described in detail — were pursued in an intentionally fraudulent scheme or by reason of ignorance of the law's requirements, as claimed by defendants, is of no moment at this juncture. They were patently illegal, held so to be by Special Term, and we confirm that conclusion. The difficulty arises in how to set matters right again. Time-honored principles of equity call for shaping the relief to the situation existing at the moment of judgment, and the situation then found differs in several aspects from what it was when defendants commenced to pursue their scheme. After the improperly engineered plan went into operation with the Attorney-General's momentary withholding of his condemnation, some tenants moved out, electing not to pursue their rights. Other tenants, it is found, who were deceived by defendants' improper practices, bought shares in the co-op. Innocent purchasers from outside bought shares, as co-op participants, in some of the vacated apartments. Still others held fast, and eviction proceedings against them were commenced in Civil Court, and, once the Attorney-General, persuaded by the organized tenants that something was wrong, commenced his investigation into the illegal practices, their evictions were stayed upon stipulation that each would vacate by a specified date.

Special Term took into consideration the intervening rights of all these people in fashioning its decree. To annul the co-op plan entirely would leave the scene in chaos; to deny relief would be to reward the deception which had been practiced. Accordingly, judgment was granted to permit the nonpurchasing tenants to remain in their rent-stabilized apartments, to permit tenants who had purchased co-op shares to rescind and return to their stabilized status, to permit co-op purchasers who wished to continue as such to do so, to permit those who had vacated but now desired to purchase co-op shares to have the first right to do so after appropriate amendment of the co-op plan approved by the Attorney-General, and to interdict sale of any co-op shares at all by the owning defendants for five years, with the right to apply after two years for suspension of the remainder of the time, and costs were assessed against the defendants. In the belief that the court was powerless to interfere with the eviction dates agreed

to in the stipulations, these evictions were stayed temporarily to permit applications to the Civil Court to be relieved from the stipulations. A provision was included to permit the tenants who had elected to move rather than stand on their rights to return to rent-stabilized tenancy.

All three parties have appealed, the co-op corporation and the owners from claimed harshness, and the Attorney-General, who claims that Special Term was overgentle. In our opinion, the punishment assessed is condign to the offense, and continued supervision of the co-op plan by the Attorney-General will prevent further abuse. In the face of a continued housing shortage, we should not leave the building forever a hybrid, half co-op, half otherwise. Further, we perceive no necessity for a receiver to take possession of the property, as the Attorney-General desires. We consider the decree to be a valid exercise of discretion by and large, and we would modify only as to some items of relief. To begin with, we consider that those tenants who elected to vacate and not stand on their rights have abandoned their claims to return to tenancy and may only participate in purchase of co-op shares. We would modify accordingly. We are of the opinion that there is no valid distinction to be made between tenant purchasers of co-op shares and those from outside, and we would modify further to extend their rights of full rescission of purchase, to be availed of within 90 days of entry of the order hereon. The outsiders were as amenable to deception as the tenants. We do not doubt the Supreme Court's authority to deal with the problem of the eviction stipulations in Civil Court, entered into on the basis of deception and fear. Accordingly, we would modify further by extending permanently the stay of the evictions referred to in the Civil Court stipulations, converting each into a permanent injuction of enforcement. Equity has the right and duty to deal directly with what might easily become a perversion of justice.

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County, entered July 1, 1974, and the amendment thereof, entered July 22, 1974 (both, GELLINOFF, J.), should be modified, in the exercise of discretion and the interest of justice, as hereinabove set forth, and, as so modified, otherwise affirmed, without costs. Settle order.

MARKEWICH, J. P., NUNEZ, MURPHY, TILZER and LANE, JJ., concur.

Order and judgment (one paper) Supreme Court, New York County, entered July 1, 1974, and the amendment thereof, entered July 22, 1974, unanimously modified, in the exercise of discretion and the interest of justice, as set forth in the *Per Curiam* opinion of this court, and as so modified, otherwise affirmed, without costs and without disbursements.

Settle order on notice.